UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

SHIRLEY GANN                                                           PLAINTIFF

v.                                                      Civil No. 1:18-cv-00104-GHD-DAS

J&B SERVICES, INC.                                                     DEFENDANT

## MEMORANDUM OPINION

Presently before this Court is Plaintiff Shirley Gann's motion to remand [Doc. 5], and Defendant J&B Services motion to strike [Doc. 11]. Having considered the matter, the Court finds that both motions should be denied.

### Background

Shirley Gann's husband, Jerry, was employed by J&B Services. While employed there, he maintained a life insurance policy issued by Humana that was made available to J&B employees. Premiums for this policy were paid through payroll deductions from Jerry's paycheck.

In January 2015, Jerry suffered a severe work-related injury. After the injury, J&B began paying the premiums for Jerry's insurance since Jerry was no longer able to work.

Jerry eventually succumbed to his injuries in June 2016. Gann made a claim on the life insurance benefits, only to discover that the policy had been cancelled by J&B in April 2015.

Gann filed this action in state court alleging claims of negligence, negligent misrepresentation, breach of fiduciary duty, and equitable estoppel against J&B for stopping its payment of the premiums and failing to inform the Ganns it was doing so. J&B removed to this court, asserting that Gann's state law claims were completely preempted by the remedies of the federal Employee Retirement Income Security Act, and thus federal question jurisdiction existed.

Gann moved to remand [Doc. 5] arguing that the life insurance policy was not a part of a benefits plan that was established and maintained by J&B and, thus not covered by ERISA. J&B responded the policy is part of such a plan. In her reply, Gann argues that J&B should be estopped from arguing that the policy was part of an employee benefit plan. Shirley further argues that ERISA did not completely preempt a Mississippi law regulating insurance policy cancellation provision.

J&B then moved to strike [Doc. 11] Gann's estoppel and preemption arguments, asserting that she could not make those arguments for the first time in her reply brief. Gann responded, and both motions are now ripe for review. The Court will first address the motion to strike and then the motion to remand.

### Defendant's Motion to Strike Plaintiff's Reply Arguments

J&B moves to strike Gann's estoppel and preemption arguments, claiming that they were improperly made for the first time in Gann's reply brief.

"[A]rguments raised for the first time in rebuttal cannot be addressed by the other side and are therefore not properly before the Court. *McWilliams v. Advanced Recovery Sys., Inc.*, 108 F. Supp. 3d 456, 462 fn. 2 (S.D. Miss. 2015) (citing *Wallace v. Cnty. Of Comal*, 400 F.3d 284, 292 (5th Cir. 2005)). The reply brief is " limited to addressing matters presented in a motion and response." *Lynch v. Union Pac. R.R. Co.*, No. 3:13-CV-2701-L, 2015 WL 6807716, at *1 (N.D. Tex. Nov. 6, 2015).

Gann's reply arguments are responsive to J&B's brief. Gann, in her initial remand motion, argues J&B did not "establish" and "maintain" the plan as contemplated by ERISA. J&B in response, argues that it was a plan as defined by ERISA, and that ERISA completely preempts Gann's claims. Gann's reply goes directly to those two arguments: that J&B is estopped from
2

arguing the insurance policy is a plan under ERISA, and that her claims are not entirely preempted. Thus, J&B's motion to strike is DENIED.

## Plaintiff's Motion to Remand

Removal jurisdiction exists in any case where the federal court would have original jurisdiction. *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008); 28 U.S.C. § 1441(a). The removing party "bears the burden of showing that federal jurisdiction exists." *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 397 (5th Cir. 2013) (citing *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002)). "Any 'doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction.' " *Vantage Drilling Co. v. Hsin-Chi Su*, 741 F.3d 535, 537 (5th Cir. 2014) (quoting *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000)).

"A federal court only has original or removal jurisdiction if the federal question appears on the face of the plaintiff's well-pleaded complaint and there is generally no federal jurisdiction if the plaintiff properly pleads only a state law cause of action." *MSOF Corp. v. Exxon Corp.*, 295 F.3d 485, 490 (5th Cir. 2002). Thus, a federal law defense to a state law claim is not a basis for removal. *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 123 S.Ct. 2058, 2062, 156 L.Ed.2d 1 (2003) ("Potential defenses, including a federal statute's pre-emptive effect, do not provide a basis for removal.")

However, in some contexts, a "federal statute 'so forcibly and completely displace[s] state law that the plaintiff's cause of action is either wholly federal or nothing at all." *Hoskins v. Bekins Van Lines*, 343 F.3d 769, 773 (5th Cir. 2003) (quoting *Carpenter v. Wichita Falls Ind. School Dist.*, 44 F.3d 362, 366 (5th Cir.1995)). ERISA is such a statute. *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987) (finding complete pre-emption in § 502 of ERISA, 29 U.S.C. § 1132). Thus, a defendant may defeat remand to state court by establishing that ERISA completely preempts the state law cause of action. This is not to say that, the

defendant must establish complete preemption of *every* cause of action in the plaintiff's complaint, but rather that the defendant must show at least one claim is preempted. *Giles v. NYLCare Health Plans, Inc.,* 172 F.3d 332, 337 (5th Cir.1999) ("When a complaint raises both completely-preempted claims and arguably conflict-preempted claims, the court may exercise removal jurisdiction over the completely-preempted claims and supplemental jurisdiction . . . over the remaining claims.")

ERISA provides a beneficiary with a federal cause of action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). A state law claim is completely preempted by § 1132 when "(1) [t]he state law claim addresses . . . the right to receive benefits under the terms of an ERISA plan; and (2) the claim directly affects the relationship among traditional ERISA entities." *Mayeaux v. La. Health Serv. and Indem. Co.,* 376 F.3d 420, 432 (5th Cir. 2004). Thus, the questions before the Court today are whether ERISA applies to the plan in question, and whether ERISA preempts her claims.

### I. ERISA Plan

A plan is an ERISA plan if it (1) actually exists; (2) does not fall within the safe harbor provision promulgated by the Department of Labor; and (3) is established or maintained by an employer for the purpose of benefitting the plan participants. *Meredith v. Times Ins. Co.,* 980 F.2d 352, 355 (5th Cir. 1993).

Gann contends that J&B is estopped from arguing that the plan is an ERISA plan. Gann presents several writings from Todd Bates, J&B's president, where he stated that the policy was not a benefit provided by J&B. *See* June 22, 2016 Letter from J&B Services [Docket No. 6-6]; August 17, 2016 Letter from J&B Services [Docket No. 6-5].

4

"Equitable estoppel 'precludes a party from denying a material fact which has previously induced another to rely upon, whereby the second party changed his position in such a way that he would suffer injury if denial was allowed.'" *Liberty Mut. Ins. Co. v. Tedford*, 644 F. Supp. 2d 753, 759 (N.D. Miss. 2009) (quoting *Butler v. City of Eupora*, 725 S.2d 158, 160 (Miss. 1998)). Further, the Fifth Circuit has recognized the concept of ERISA-estoppel. To establish ERISA-estoppel, a plaintiff must show: "(1) a material misrepresentation; (2) reasonable and detrimental reliance upon the representation; and (3) extraordinary circumstances." *Mello v. Sara Lee Corp.*, 431 F.3d 440, 444–445 (5th Cir. 2005).

Gann's estoppel argument fails for two reasons. First, while "the existence of an ERISA plan is within the statutory definition is a question of fact", when "the factual circumstances are established as a matter of law or undisputed" the issue is a question of law. *House v. Am. United Life Ins. Co.*, 499 F.3d 443, 448 (5th Cir. 2007). As set forth below, the facts are clear that J&B established the plan and that the plan provided a benefit to J&B's employees. Thus, Bates denial that the plan was covered by ERISA would ultimately be a statement of law, not of material fact.

Second, even if Bates's assertions were one of material fact, Gann does not establish that she detrimentally relied on them. The statements occurred long after the policy had been cancelled. Thus, Gann does not allege that she relied on those assertions while the policy was in place. Rather, Gann alleges that she detrimentally relied on those assertions by choosing to institute state law claims against J&B rather than using ERISA claims.

In *Soileau & Assocs., LLC v. Louisiana Health Serv. & Indem. Co.*, the plaintiff brought a state court action against the defendant for breaching an insurance policy. No. CV 18-710, 2018 WL 3868911 (E.D. La. Aug. 15, 2018). The defendant removed to federal court claiming that the plan was covered by ERISA. *Id.* at *2. The plaintiff argued that the defendant was estopped from

arguing the policy was covered by ERISA because the defendant had previously taken actions that suggest it wasn't. *Id.* at * 10. The district court found that the plaintiff failed to allege they had detrimentally relied on the defendant's actions. *Id.* The district court did not consider plaintiff's initiation of the state court action to be a detriment. Thus, like the plaintiff in *Solieau*, Gann does not show she has suffered a detriment by relying on Bates statements.

The Court will turn to the analysis set forth in *Meredith* considering whether the plan here (1) actually exists; (2) falls within the safe harbor provision promulgated by the Department of Labor; and (3) is established or maintained by an employer for the purpose of benefitting the plan participants.

*a. Existence of Plan*

To determine whether the "plan, fund, or program . . . is a reality" the Court must decide whether "a reasonable person could ascertain the intended benefits, beneficiaries, source of financing, and procedures for receiving benefits." *Meredith*, 980 F.2d at 355. (citing *Donovan v. Dillingham*, 688 F.2d 1367, 1373 (11th Cir. 1982)). The parties here do not dispute that a plan exists through which Jerry obtained life insurance. The dispute lies in whether it satisfies the other two prongs.

*b. Safe Harbor*

Next the Court considers whether the plan falls within the safe harbor provision promulgated by the Department of Labor. Under that provision, a group insurance program offered to employees is exempt from ERISA plan if:

> (1) No contributions are made by an employer or employee organization;
> (2) Participation the program is completely voluntary for employees or members;
> (3) The sole functions of the employer or employee organization with respect to the program are, without endorsing the program, to permit the insurer to publicize the program to employees or

> members, to collect premiums through payroll deductions or dues checkoffs and to remit them to the insurer; and
>
> (4) The employer or employee organization receives no consideration in the form of cash or otherwise in connection with the program, other than reasonable compensation, excluding any profit, for administrative services actually rendered in connection with payroll deductions or dues checkoffs.

29 C.F.R. § 2510.3-1. All four elements must be present for a plan to be exempt from ERISA. *House*, 499 F.3d at 449

Here, the parties agree that participation in the life insurance program was voluntary for J&B employees and that J&B received no profit from the program. Thus, the safe harbor will apply if J&B made no contributions to the program on behalf of its employees, and if J&B's did not "endorse" the plan.

J&B argues that it contributed to the plan on Jerry's behalf when it paid several months of premiums after Jerry's accident. In an affidavit, Todd Bates stated that J&B paid for these premiums from February 2015 to April 2015. Shirley argues that the life insurance policy did not require premium payments once Jerry became disabled by the accident, and so that self-serving statement should be disregarded.

The Court finds that J&B contributed to the plan on behalf of Jerry. Beyond Bates own statement that J&B paid premiums for Jerry is the complaint's own allegation that J&B did so. Compl. [Docket No. 2] ¶ 12. Further, a letter correspondence between Bates and Shirley from shortly after Jerry's death, and long before this litigation, also states that J&B had paid the premiums for a short period of time. June 22, 2016 Letter [Docket No. 6-6].

Courts have been clear that when an employer has paid at least some of an employees' premiums, it has contributed to the plan within the meaning of the provision. *Foxworth v. Durham Life Ins. Co.*, 745 F. Supp. 1227, 1231 (S.D. Miss. 1990) (holding that first prong of safe harbor provision was not met when employer temporarily paid for employees' premiums); *See also D'Elia*

7

*v. Unum Life Ins. Co. of Am.*, 223 F. Supp. 3d 380, 386 (E.D. Pa. 2016) (citing *Stone v. Disability Mgmt. Servs., Inc.*, 288 F. Supp. 2d 684, 691 (M.D. Pa. 2003)). J&B contributed some of Jerry's premiums, and so the first factor is not met.

The plan in question also does not meet the third factor, which asks whether "the sole functions of the employer or employee organization with respect to the program are, without endorsing the program, to permit the insurer to publicize the program to employees or members to collect premiums through payroll deductions or dues checkoffs and to remit them to the insurer." 29 C.F.R. § 2510.3-1(3). In analyzing this element, the Court inquires into J&B's involvement in the program. *Hansen v. Continental Insurance Company*, 940 F.2d 971, 977 (5th Cir. 1991) (abrogated on other grounds by *CIGNA Corp. v. Amara*, 563 U.S. 421, 131 S.Ct. 1866, 179 L.Ed.2d 843 (2011)). This element will not be met unless that involvement is "limited *solely* to permitting the insurer to publicize the program to its employees, collecting premiums, and remitting them to the insurer." *Id.*(emphasis in original).

J&B's involvement was not limited to solely those activities. J&B's human resources manager states in an affidavit that she helps employees enroll in the plan and cancel their policies, that she informs employees of premium increases and benefit reductions, and that she helps employees modify their beneficiary designations. Affidavit of Alice Davidson [Docket No. 7-2] at 2. Thus, this plan does not meet the second element.

Because the first and third elements are not met, the plan is not excluded from ERISA by the safe harbor provision. The Court now turns to the final prong.

### c. Plan established or maintained for the benefit of employees

The third prong of the analysis asks "whether the assumed plan falls within the broad parameters of ERISA." *Meredith*, 980 F.2d at 355. The plan must satisfy the "two 'primary elements of an ERISA employee welfare benefit plan as defined by statute: (1) whether an employer

8

established or maintained the plan; and (2) whether the employer intended to provide benefits to its employees.'" *Id.* (quoting *MDPhysicians & Assocs., Inc. v. State Bd. of Ins.*, 957 F.2d 178, 183 (5th Cir. 1992)).

For an employer to establish or maintain a plan, there must be "some meaningful degree of participation by the employer in the creation or administration of the plan." *Hansen*, 940 F.2d at 978. Where an employer "does no more than purchase premiums insurance for her employees, and has no further involvement with the collection of premiums, administration of the policy, or submission of claims, she has not established an ERISA plan". *Id.*

Here, J&B has the requisite level of involvement in administration of the plan. As discussed above, J&B's human resources manager actively assisted employees in obtaining, managing, and cancelling insurance benefits under the plan. Further, J&B was responsible for collecting and submitting premiums to the insurer. Employer Group Application [Docket No. 7-3] at 4. Thus, J&B has maintained the plan.

The statute also requires "that the employer have had a purpose to provide health insurance, accident insurance, or other specified types of benefits to its employees." *Hansen* 940 F.2d at 978 (citing 29 U.S.C. § 1002(1)). Shirley contends that Bates' statements about the plan not being a "benefit that J&B services provides", shows that J&B did not intend to benefit employees with the plan. However, the purchase of the policy itself is evidence of the establishment of a plan. *See Mem'l Hosp. Sys. v. Northbrook Life Ins. Co.*, 904 F.2d 236, 242 (5th Cir. 1990) ("[T]he purchase of insurance does not conclusively establish a plan, fund, or program, but the purchase is evidence of the establishment of a plan, fund, or program".) (quoting *Donovan*, 688 F.2d at 1373).

More importantly, the text of the statute at hand applies to all plans that are "maintained for the purpose of providing for its participants . . . through the purchase of insurance . . . benefits

in the event of . . . death." Here, J&B takes an active administrative role in a plan that does nothing but provide life insurance benefits to its employees.

Gann relies on *Taggart Corp. v. Life & Health Benefits Admin.*, arguing that this a "bare purchase" of insurance that falls outside the bounds of ERISA. 617 F.2d 1208, 1211 (5th Cir. 1980). But as *Taggart* also said, a key factor in that case was that the "purchasing employer neither directly nor indirectly owns, controls, administers or assumes responsibility for the policy or its benefits." *Id*. In a later case, the Fifth Circuit distinguished *Taggart* from the facts of the case before it, in part because of the employer's assumption of administrative responsibilities "by providing a full time employee benefits administrator who accepted claims forms from employees and submitted them to the insurer." *Hansen*, 940 F.2d at 978. So too are the facts before this Court distinguishable from *Taggert*; J&B similarly provides an employee who handles many administrative tasks concerning employees' enrollment in the plan. In sum, the plan here meets the requirements of an ERISA plan.

## II. Preemption

Having determined that the life insurance policy in question was part of an ERISA plan, the Court now decides whether ERISA preempts the state law claims Gann makes. A state law claim is completely preempted by § 1132 when "(1) [t]he state law claim addresses . . . the right to receive benefits under the terms of an ERISA plan; and (2) the claim directly affects the relationship among traditional ERISA entities." 376 F.3d at 432.

Addressing the first prong, each of Gann's claims address her right to receive benefits under the plan because the loss of that right is the injury in which she alleges she suffered. She claims that as a result of J&B actions, she cannot receive the benefits of the life insurance policy. No Court could assess what damages J&B would owe Gann without first determining what she was owed under the life insurance policy. Gann's complaint seeks "to obtain the benefits of the life

10

insurance policy Jerry had." Comp. ¶ 55. The Fifth Circuit has held that when a plaintiff pleaded that she "suffered damages that amount to the loss of retirement benefits, profit sharing benefits, yearly bonuses and medical health care in addition to other benefits that regular . . . employees received" that the plaintiff was ultimately seeking relief provided by § 1132. *McGowin v. ManPower Int'l, Inc.*, 363 F.3d 556, 559 (5th Cir. 2004)

As to the second prong, "traditional ERISA entities" include plan participants and beneficiaries and employers. *Bullock v. Equitable Life Assur. Soc'y of the United States*, 259 F.3d 395, 399 (2001) (citing *Hook v. Morrison Milling Co.*, 38 F.3d 776, 781 (5th Cir.1994)). Further, "a state-law claim by an ERISA plan participant against her employer is preempted when based upon a denial of benefits under the defendant's ERISA plan." *Smith v. Texas Children's Hosp.*, 84 F.3d 152, 155 (5th Cir.1996)). Gann is a beneficiary; J&B is an employer. Thus, the claims undoubtedly affect the relationship between traditional ERISA entities.

Gann lastly argues that ERISA does not apply to her claims because a state law regulating insurance applies to those claims. ERISA's "savings clause" provides that "Except as provided in subparagraph (B), nothing in this subchapter shall be construed to exempt or relieve any person from any law of any State which regulates insurance, banking, or securities," is not preempted. 29 U.S.C. § 1144(b)(2)(A).

Gann argues that Miss. Code Ann. § 83-9-5 applies. This statute, in part, contains a number of mandatory provisions that certain insurance policies offered in Mississippi must contain. In particular, subsection (2)(e) concerns a cancellation provision. Gann contends that because the insurance policy does not contain this mandatory provision and because Jerry's insurance was not terminated in accordance with the provision, this statute applies, and ERISA does not supersede it.

Gann's argument fails. Chapter 9 of Title 83 applies only to polices "of accident and sickness insurance" meaning an "individual or group policy or contract of insurance against loss resulting from sickness or from bodily injury, including dental care expenses resulting from sickness or bodily injury, or death by accident, or accidental means, or both." Miss. Code. Ann. § 83-9-1. The policy here is a life insurance policy. And while the policy does contain accidental death or bodily injury provisions, § 83-9-17 specifically exempts "life insurance . . . which contain only such provisions relating to accident and sickness insurance as provide additional benefits in case of death or dismemberment or loss of sight by accident." Miss. Code. Ann. § 83-9-17. Thus, § 83-9-5 is inapplicable to this policy.

Because ERISA completely preempts Gann's claims, there is federal question jurisdiction in this matter.

## Conclusion

The Court finds that the plan under which Jerry obtained life insurance is an ERISA plan. The Court further finds that at least some of Gann's claims against J&B Services are completely preempted by ERISA. Accordingly, this Court has subject matter jurisdiction. The motion to remand is denied.

A separate order shall issue.

This the 17 day of September, 2018.

/s/ Glen H. Davidson<br>
SENIOR U.S. DISTRICT JUDGE